MARY S. PEERY, ADMINISTRATRIX OF THE ESTATE OF EDWARD T. PEERY, DECEASED, Plaintiff in Error, *v.* SAMUEL J. PLATTE, Defendant in Error.

*Attachment—Plea in Abatement—Practice—Judgment.*—Where an attachment is brought in aid of a previous writ of summons, upon a verdict for defendant upon a plea in abatement to the attachment, the judgment should be entered dissolving the attachment, not dismissing the suit. The plaintiff has the right to prosecute his original suit after the attachment is dissolved.

*Error to Kansas Common Pleas Court.*

*Douglass* and *Gage*, for plaintiff in error.

I. The court erred in dismissing the original suit after the jury found the issue on the plea in abatement for the defendant.

The attachment was sued out under section 13 of attachment law of 1855, and was in aid of the original action—R. C. 1855, pp. 242–3, §§ 13 &·15. The principal suit was that commenced by summons. The attachment was a mere incident to this. Now, whilst it is true that the incident must ordinarily follow the principal, yet it is by no means true that the principal must follow the incident. The attachment, at best, is only provisional, and its office is merely to hold the property attached as security for the payment of the judgment to be obtained.

The dismissal of the attachment, and the retention in the court of the original suit, would have left the defendant in the same position precisely that he was before the attachment was sued out. He, therefore, could not have been injured or prejudiced by such action—R. C. 1855, p. 1255, § 23 ; Leger v. Bonnaffé, 2 Barb. 479. ·

FAGG, Judge, delivered the opinion of the court.

This was an ordinary suit commenced by the plaintiff in error against the defendant, Platte, in the Kansas City Court of Common Pleas.

After the institution of the suit a writ of attachment was sued out under the provisions of the statute authorizing the same in aid of ordinary process—R. C. 1855, p. 242, § 13. The summons was personally served upon the defendant, and the writ of attachment by the garnishment of certain debtors of the defendant, both being returnable to the May term, 1865, of said court. The defendant not appearing, there was a judgment against him by default, and the cause continued to the next November term, at which time the defendant appeared, and by leave of court filed his plea in the nature of a plea in abatement. This was stricken out upon motion, and a second plea filed, upon which the parties went to trial, which resulted in a verdict finding issues for the defendant. This suit was thereupon dismissed by order of the court. A motion for a new trial was overruled, and the case brought to this court by writ of error. The reversal of the judgment in this case is urged upon several grounds, but chiefly for the reason that the suit was dismissed after the finding of the issue in the plea in abatement against the plaintiff.

The provision of the statute of 1855, (1 R. C. 1855, p. 252, § 47,) is evidently intended to apply to suits commenced by attachment, and not to such as are brought in the ordinary form.

The distinction between the two actions is very clearly drawn by the statute, but it is not necessary for the purposes of this opinion to examine the reasons upon which it rests. In this case the suit was commenced by the ordinary process, the defendant being personally served.

The laws of this State authorize this extraordinary process to assist creditors in securing their debts whenever they have good reason to believe in the existence of the truth of

any one of the causes of attachment enumerated in the statute. If true, the property of the debtor is secured until a final hearing and judgment can be had; but if false, this lien is simply destroyed without affecting the original suit. The plaintiff can still prosecute his suit to a general judgment if his cause of action is well founded. The court erred in dismissing the suit, and for this reason its judgment must be reversed, and the cause remanded. As this is sufficient to dispose of the case, it is not deemed necessary to consider the other points raised. The other judges concur.